**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

ALAN L. DOERING
ADC #106115                                                PLAINTIFF

V.                  5:13CV00147 JLH/JTR

TATE, Captain, Cummins Unit,
Arkansas Department of Correction, et al.           DEFENDANTS

## ORDER

Plaintiff, Alan L. Doering, is a prisoner in the Cummins Unit of the Arkansas Department of Correction. He has filed a *pro se*[1] § 1983 Complaint alleging that Defendants violated his constitutional rights.

The Prison Litigation Reform Act requires federal courts to screen prisoner

---

[1] Plaintiff is notified of his responsibility to comply with Local Rule 5.5(c)(2), which states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

Plaintiff is further notified of 28 U.S.C. § 1915(g), which provides that a prisoner may not proceed with a civil suit *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

Plaintiff, who is Caucasian, alleges that in March of 2013, Defendant Tate violated his equal protection rights when he allowed an African-American inmate to change his rack assignment while refusing allow Plaintiff to do so. *See* Doc. #2. The Court needs further information in order to complete § 1915 screening.

Accordingly, Plaintiff must file, within thirty days of the entry of this Order, an Amended Complaint clarifying: (1) how he was harmed by not being allowed to change his rack assignment; (2) why Defendant Tate said he was refusing to change his rack assignment; and (3) how Defendants Lay and May *each* participated in the alleged denial of his constitutional rights.

IT IS THEREFORE ORDERED THAT:

1. Plaintiff must, **within thirty days of the entry of this Order**, file an

Amended Complaint containing the information specified herein.

2. Plaintiff is reminded that the failure to timely and properly comply with any portion of this Order will result in the dismissal of this case, without prejudice, pursuant to Local Rule 5.5(c)(2).

Dated this 31st day of May, 2013.

_____
UNITED STATES MAGISTRATE JUDGE