**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

ALAN L. DOERING
ADC #106115 PLAINTIFF

V. 5:13CV00147 JLH/JTR

TATE, Captain, Cummins Unit,
Arkansas Department of Correction, et al. DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the

United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, Alan Doering, is a prisoner at the Cummins Unit of the Arkansas Department of Correction. In this *pro se* § 1983 action, he alleges that Defendants have violated his constitutional rights. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that the case be dismissed, without

prejudice, for failing to state a claim upon which relief may be granted.[1]

## II. Discussion

Plaintiff, who is Caucasian, is currently assigned to a bed located near the common toilets in Barrack 6 of the Cummins Unit. *See* Docs. #2 and #4. He alleges that the smells, loud noises, and cigarette smoke coming from the toilet area make it difficult for him to sleep.[2] *Id.* He contends that Defendants violated his equal protection rights by denying his request to be reassigned to a bed further away from the toilet area, but allowing one or more African-American inmates to change their bed assignments to unspecified areas of Barrack 6. *Id.*

To state a viable equal protection claim, a prisoner must allege facts demonstrating that he was treated differently from similarly situated inmates due to his race. *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 815 (8th Cir. 2008); *see also*

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

[2] ADC policy prohibits smoking. Plaintiff alleges that prisoners in Barrack 6 were "illegally" smoking in the toilet area. *See* Doc. #4 at 1.

*Ashcroft v. Iqbal*, 556 U.S. 662, 683 (2009) (explaining that a prisoner must "allege more by way of factual content to nudge his claim of purposeful discrimination across the line from conceivable to plausible").

Here, Plaintiff makes vague and conclusory allegations about African-Americans being allowed to change their bed assignments and suggests that he was denied a request to do the same, without establishing how he was similarly situated or whether, at the time he made his request, there were any beds available to accommodate his request for reassignment. As a matter of law, such allegations are not sufficient to state a viable equal protection claim. *See Simpson v. Hvass*, No. 01-3014, 2002 WL 508363 (8th Cir. April 5, 2002) (unpublished opinion) (affirming a pre-service dismissal where an African-American prisoner failed to plead that he was similarly situated to Caucasian prisoners who, unlike him, were immediately returned to vocation programs upon their release from administrative segregation).

More fundamentally, however, the underpinnings of Plaintiff's equal protection claim fail to rise to the level of constitutional dimension.[3] *See Lewis v. Jacks*, 486 F.3d

---

[3] For example, how far must Plaintiff be moved from the restroom area to satisfy his individual sensitivities regarding "smell" and "noise"? What is the odor of ambient air in other areas of Plaintiff's barracks and how loud is the noise in those areas compared to the area near the bathroom?

A prisoner has no constitutional right to sleep in an area of a barracks that is of his choosing. Allowing a prisoner to proceed with an equal protection claim based on vague and conclusory allegations that "race" allegedly played a role in his bed

1025, 1028 (8th Cir. 2007) (finding no equal protection violation when a guard told noisy prisoners to "shut up," "even if equally noisy inmates of another race were not equally chastised").

## III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. This case be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

2. The dismissal constitute a "strike," under 28 U.S.C. § 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommended Disposition would not be taken in good faith.

---

assignment near the bathroom would allow virtually any inconvenient or unpleasant aspect of a prisoner's life to be elevated to a constitutional claim. Under well established case law, such allegations fail to state a cognizable claim for relief. *See, e.g, Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (holding that only "extreme deprivations" that deny "the minimal civilized measure of life's necessities are sufficiently grave to form the basis" of a constitutional violation); *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981) (explaining that the “Constitution does not mandate comfortable prisons” or that prisons be “free of discomfort”).

Finally, the ADC *prohibits smoking* and cigarettes are regarded as contraband. To the extent that prisoner may be smoking in the bathroom area, Plaintiff should call the matter to the attention of guards, who are charged with the responsibility of enforcing the ADC's policy prohibiting smoking.

Dated this *1st* day of July, 2013.

UNITED STATES MAGISTRATE JUDGE